United States District Court
Southern District of Texas
**ENTERED**
October 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MJ ACTION NO. 2:26-MJ-00700 |
| | § | |
| EDWIN GALINDO MORALES | § | |

# MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). Detention of the defendant pending trial in this case is necessary because there is a serious risk that defendant Edwin Galindo Morales will not appear.

Mr. Galindo is charged with unlawfully transporting undocumented persons in violation of 8 U.S.C. § 1324. The evidence against the defendant meets the probable cause standard and the weight of the evidence is strong. Mr. Galindo is not a citizen of the United States. He came to the United States as a child and was granted “Special Immigrant Juvenile Status.” The defense maintains Mr. Galindo is eligible for lawful permanent residence status and that he is insulated from being removed under federal immigration laws. Mr. Galindo has an immigration lawyer. The Government is not in complete agreement with the defense position on Mr. Galindo’s immigration status. The Pretrial Services Report does not resolve the matter. Thus, Mr. Galindo’s status to remain in the United States if he were released on bond remains unclear. Additionally, Mr. Galindo’s personal information has not been verified, his ties to the United States are limited, and it is uncertain whether he has a suitable release plan if were he released on bond. Finally, Mr.

Galindo is subject to deportation if he is convicted. Thus, if Mr. Galindo were released on bond he would have a strong incentive to abscond. Therefore, considering the record before the Court and for the reasons stated on the record, Mr. Galindo is ORDERED detained pending trial. The findings and conclusions contained in the Pretrial Services Report are adopted. However, counsel for Mr. Galindo may move to re-open the detention hearing if he is able to present a suitable release plan and is able to present testimony or other evidence that would clarify the defendant's immigration status.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED on October 9, 2026.

Jason B. Libby
United States Magistrate Judge